Steven M. Wells
Steven M. Wells, P.C.
431 W. 7th Ave.
Ste. 107
Anchorage, AK 99501
(907)279-3557
(907)279-3558 fax
steve@alaskalegaldefense.com

Attorney for Plaintiff

# United States District Court
## District of Alaska

| | |
|---|---|
| **John Doe,** | Case No. |
| Plaintiff, | |
| v. | Complaint |
| **Alaska Pacific University,** An Alaska Nonprofit Corporation, | |
| Defendant. | |

Plaintiff, John Doe ("Plaintiff"), hereby sues Defendant, Alaska Pacific University, an Alaska nonprofit corporation, and alleges:

1. Nature of Action

1.1 Plaintiff John Doe[1] seeks relief against Defendant Alaska Pacific University ("Alaska Pacific") following Alaska Pacific's wrongful and unjustifiable imposition of sanctions against Plaintiff, an Alaska Pacific freshman, based upon false and unproven allegations of sexual harassment. This injustice was the direct result of Alaska Pacific's failure to (1) conduct an adequate investigation; (2) provide Plaintiff with due process as defined by Alaska Pacific's own policies and Title IX of the Education Amendments of 1972; (3) make reasonable modifications in Alaska Pacific's policies, practices, or procedures regarding Plaintiff's diagnosed and documented disability, namely autism, as required by the Americans with Disabilities Act, including but not limited to 42 U.S.C. § 12182; and due to (4) Alaska Pacific's excessive and unbalanced focus on the concerns and interests of the female complainant and the convenience of the University to the total exclusion of the rights and interests of the male Plaintiff.

1.2 Alaska Pacific's unjustified actions violated its contract with Plaintiff, the Alaska Pacific University Student Code of Conduct; the requirements of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et. seq.; and Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688 ("Title IX"). Plaintiff is covered by the protections of Title IX against gender-based educational discrimination. The Americans with Disabilities Act requires Alaska Pacific to make reasonable accommodation to his documented disability.

1.3 Alaska Pacific's arbitrary and capricious findings and disciplinary actions, imposed by Manda Hill, Alaska Pacific's Title IX Student Issues Deputy and ratified by her superiors Laurie Boom, Title IX Coordinator, and Ben Hahn, Dean of Students, have caused Plaintiff grievous harm, including derailing his college education, tarnishing his reputation, the loss of college credits and the money spent to obtain those credits, and permanently damaging his future career and educational prospects. The sanctions imposed against Plaintiff by Alaska Pacific include expulsion and refusal to transfer any academic credits earned while Plaintiff attended Alaska Pacific.

---

[1] Plaintiff herewith files a motion for leave to use pseudonyms.

*Doe v. Alaska Pacific University*
Case No.
Complaint
Page 2 of 15

2. PARTIES

2.1 Plaintiff John Doe ("John Doe" or "Plaintiff") is a male natural person residing in Alaska. During the events described in this pleading, Plaintiff was a full-time freshman at Alaska Pacific University and resided in a university-owned and operated dormitory building on the university campus in Anchorage, Alaska. At the time of the events described in this pleading, he was nineteen years old and the female complainant, E.E.,[2] was eighteen years of age, upon information and belief.

2.2 Defendant Alaska Pacific University is a private liberal arts and sciences college and a domestic non-profit corporation incorporated in Alaska with its principal place of business located at 4101 University Drive, Anchorage, Alaska, 99508.

3. JURISDICTION AND VENUE

3.1 This Court has federal question and supplemental jurisdiction pursuant to 28 U.S.C. §1331 and § 1367 because Plaintiff states claims arising under the Constitution and the laws of the United States, including Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-88, and the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq.; and the state law claims are so closely related to the federal law claims as to form the same case or controversy under Article III of the U.S. Constitution.

3.2 This Court has personal jurisdiction over Alaska Pacific because it conducts business within the State of Alaska.

3.3 Venue for this action properly lies in this district pursuant to 28 U.S.C. §1391 because Alaska Pacific is considered to reside in this district and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

---

[2] Plaintiff's motion to use pseudonyms includes using initials for the female complainant as well.

*Doe v. Alaska Pacific University*
Case No.
Complaint
Page 3 of 15

4. Factual Background

4.1 Alaska Pacific University

4.1.1 Alaska Pacific is a private co-educational, residential university with a student population of roughly 725 students. Alaska Pacific is an Alaska non-profit corporation that receives federal funds pursuant to Title IX.

4.1.2 Alaska Pacific's agent and authorized representative, Manda Hill, exercised overall responsibility for the disciplinary charges brought by Alaska Pacific against Plaintiff, for the inadequate investigation of the allegations made against him, for the complete lack of any hearing to determine the validity of the charges, for favoring Jill Roe over Plaintiff because of her gender, for erroneously finding Plaintiff guilty and imposing sanctions against him, for failing to provide him due process as is required by relevant statutes, and for related acts and omissions alleged herein.

4.1.3 Alaska Pacific's agents and authorized representatives Laurie K Boom, Dave Wilga, Karissa DuPree, and Yaso Thiru failed to provide due process to John Doe by conducting an inadequate and incomplete examination of the record below and by upholding a fundamentally flawed investigation, an investigation that itself deprived Mr. Doe of his statutory due process.

4.2 Federal Statutory and Regulatory Requirements Regarding Sexual Assault Allegations

4.2.1 Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688, applies to all public and private educational institutions that receive federal funds, including colleges and universities.

4.2.2 Alaska Pacific, as a recipient of federal funds, is bound by Title IX and its regulations and, upon information and belief, has executed an assurance of compliance.

4.2.3 Title IX sets forth regulations governing how schools handle issues of sexual harassment and sexual assault.

4.2.4 Specifically, Title IX, as interpreted by the Department of Education, requires that schools provide due process in sexual assault proceedings on campus.

4.2.5 That due process specifically includes notice of accusations, an opportunity to be heard for both the accuser and the accused, and timely access to any information/evidence to be used at any sexual assault proceedings.

4.3 AMERICANS WITH DISABILITIES ACT

4.3.1 The Americans with Disabilities Act, 42 U.S.C. §§ 12101 et. seq., prohibits discrimination based upon disability.

4.3.2 As part of its prohibition against discrimination based on disability, the Americans with Disabilities Act requires that places of public accommodations "make reasonable modifications in policies, practices, or procedures" to ensure that persons with disabilities have the same access to "goods, services, facilities, privileges, advantages, or accommodations" as persons without disabilities.

5. FACTS OF THIS CASE

5.1 John Doe was an Alaska high school student.

5.2 He sought admission to Alaska Pacific University to matriculate in the fall, 2016, term.

5.3 John Doe was diagnosed with autism in high school, a diagnosis confirmed by several counselors and therapists.

5.4 John Doe, through his parents, provided Alaska Pacific University with documentation regarding his autism, how it manifests itself and the resulting social awkwardness.

5.5 John Doe met E.E., a student at University of Alaska, Anchorage, on or about March 25, 2017.

5.6 They spent some time together over the next couple of days.

5.7 On March 28, 2018, John Doe and E.E. spent time together in his room.

5.8 During that time, they cuddled, kissed and embraced.

5.9 E.E. did not leave or attempt to leave.

5.10 E.E. did not protest.

5.11 E.E. did not pull away.

5.12 E.E. did not give any sign she was reluctant or forced.

5.13 They started to watch a movie.

5.14 John Doe left to go to class.

5.15 Upon his return, E.E. was still in the room and crying.

5.16 E.E. called her mother, who came to John Doe's room and took her daughter to Providence.

5.17 John Doe also sent to Providence, where he was approached by Anchorage Police Department officials.

5.18 Surprised and saddened by E.E.'s response, John Doe's social awkwardness and autism and law enforcement's experience in interrogating hardened criminals led John Doe to think he must have done something wrong.

5.19 The Anchorage Police Department and the State of Alaska Department of Law thoroughly investigated this matter and determined that John Doe had committed no crime.

5.20 Based upon that investigation, no charges were filed.

5.21 Alaska Pacific then conducted its own investigation.

5.22 John Doe was not allowed to present any evidence.

5.23 John Doe was not given access to the evidence gathered by Alaska Pacific.

5.24 John Doe was not afforded the opportunity to present any evidence from relevant witnesses.

5.25 Those witnesses specifically include his counselors and therapists who could testify regarding his autism and how his disability affects his perceptions of interpersonal communications and makes him socially awkward.

5.26 Those witnesses would include professors, friends and acquaintances who could testify about his character

5.27 Indeed, Alaska Pacific made no accommodation of John Doe's autism and its effects as part of their process.

5.28 Alaska Pacific did not conduct any hearing.

5.29 Without a hearing, John Doe was not able to present evidence to a neutral fact-finder.

5.30 Without a hearing, John Doe was not able to present fact witness testimony to a neutral fact-finder.

5.31 Without a hearing, John Doe was not able to present character testimony to a neutral fact-finder.

5.32 Without a hearing, John Doe was not able to present expert testimony to a neutral fact-finder.

5.33 Without a hearing, John Doe was not allowed to tell his story to a neutral fact finder.

5.34 Without a hearing, Alaska Pacific decided that John Doe was guilty of sexual misconduct, abusive sexual contact and dating violence.

5.35 On June 19, 2017, Alaska Pacific notified John Doe that he was expelled.

5.36 John Doe appealed that decision.

5.37 On August 15, 2017, Alaska Pacific notified John Doe that his appeal had been denied.

6. COUNT I – DECLARATORY JUDGMENT TITLE IX

6.1 The above paragraphs are repeated and re-alleged.

6.2 As applied to John Doe, Alaska Pacific's student disciplinary process violated John Doe's right to due process under Title IX by:

6.3 Failing to properly evaluate the charge;

6.4 Denying Plaintiff the right to tell his story;

6.5 Failure to conduct a "thorough, reliable and impartial" investigation with a trained investigator;

6.6 Failure to set an appropriate, fair hearing date that would have allowed Plaintiff to present exculpatory evidence;

6.7 Failure to provide fair and meaningful notice of the charges;

6.8 The refusal to contact witnesses identified by Plaintiff;

6.9 The failure to provide an unbiased disciplinary process and tribunal;

6.10 The failure to ensure that Plaintiff be presumed innocent and that Alaska Pacific had the burden of proof;

6.11 The failure to ensure there was sufficient evidence to support the conclusion;

6.12 Acting to achieve a pre-determined result;

6.2 Pursuant to 28 U.S.C. §§2201, 2201, and 1651, John Doe is entitled to:

6.2.1 A declaratory judgment that Alaska Pacific's student disciplinary procedures, including the Sexual Misconduct Policy and Procedures, for all relevant time periods violated Title IX as written;

6.2.2 A declaratory judgment that Alaska Pacific's student disciplinary procedures, including the Sexual Misconduct Policy and Procedures, for all relevant time periods violated Title IX as implemented;

6.2.3 A declaratory judgment that Alaska Pacific's student disciplinary procedures, including the Sexual Misconduct Policy and Procedures, for all relevant time periods violated Title IX as applied to Plaintiff; and

6.2.4 Further necessary or proper relief.

Count II – Violation of Title IX

7.1 The above paragraphs are repeated and re-alleged.

7.2 As set forth above, Alaska Pacific engaged in a series of actions that ultimately resulted in the finding that Plaintiff committed sexual misconduct, abusive sexual contact and dating violence.

7.3 Alaska Pacific's finding was based upon several significant evidentiary weaknesses, including:

7.3.1 The absence of any evidence E.E. objected to the sexual contact;

7.3.2 Willful blindness that the law enforcement investigation did not create probable cause to believe that John Doe had committed any crime;

7.3.3 Failure to consider John Doe's autism when reviewing this evidence.

7.4 Aside from the evidentiary weaknesses, Alaska Pacific's finding was likewise based upon numerous significant procedural flaws, including:

7.4.1 The lack of an appropriate investigation by a trained investigator;

7.4.2 The refusal to provide Plaintiff with a hearing that would allow him to contest the allegations against him;

7.4.3 The failure to provide Plaintiff with the evidence that would be used against him;

7.4.4 The refusal to allow Plaintiff to present exculpatory evidence;

7.4.5 The presumption of guilt applied to Plaintiff from the onset of the investigation;

7.4.6 Impermissible burden shifting requiring Plaintiff to bear the burden of proof.

7.5 John Doe did not receive the due process protections guaranteed by Title IX because he was male and Alaska Pacific did not want to explain any acquittal of a male student facing discipline for sexual misconduct allegations.

7.6 Alaska Pacific did not want to jeopardize any federal funding by acquitting a male student facing discipline for sexual misconduct allegations.

7.7 Alaska Pacific did not want to face potential civil litigation and liability by acquitting a male student facing discipline for sexual misconduct allegations.

7.8 The evidentiary and procedural weaknesses evidence invidious gender bias and a discriminatory environment against John Doe because of his gender.

### 8. Count III – Violation of Title IX, Deliberate Indifference

8.1 The above paragraphs are repeated and re-alleged.

8.2 Alaska Pacific and its relevant agents had actual notice of:

8.2.1 Alaska Pacific's misconduct related to these disciplinary proceedings;

8.2.2 The unlawful findings that John Doe committed sexual misconduct, abusive sexual contact and dating violence;

8.2.3 The hearing and appeal process;

8.2.4 Plaintiff's expulsion.

8.3 Despite this actual notice of Alaska Pacific's misconduct and its harm to Plaintiff, its agents failed and refused to correct any misconduct even though they had the authority and obligation to do so. This refusal was unreasonable.

8.4 This failure and refusal is only explained by gender bias against males as described above.

8.5 Plaintiff, based solely on his gender, has suffered and continues to suffer the effects of the deliberate indifference of Alaska Pacific and its agents. This has caused Plaintiff substantial injury, damage and loss, including, but not limited to: mental anguish; severe emotional distress; injury to reputation; past and future economic loss; deprivations of due process; loss of educational opportunities; and loss of future career prospects.

### 9. Count IV – Americans With Disabilities Act

9.1 The above paragraphs are repeated and re-alleged.

9.2 Alaska Pacific and its agents had actual notice of Plaintiff's disability.

9.3 This disability was diagnosed and documented prior to John Doe's matriculation into Alaska Pacific in the fall of 2016.

9.4 Plaintiff's father provided Alaska Pacific with extensive documentation regarding Plaintiff's diagnoses, including his treatment providers, descriptions of how his disability affects him, and reasonable accommodations that must be made to allow for Plaintiff's disability.

9.5 At no time during the fundamentally flawed investigation was Plaintiff allowed to present any evidence of his disability.

9.6 Alaska Pacific made no attempt to accommodate Plaintiff's disability in any way.

9.7 Alaska Pacific made no effort to consider Plaintiff's disability in reading its findings of fact.

9.8 By failing to consider Plaintiff's disability, Alaska Pacific has discriminated against Plaintiff and prevented him from access to "goods, services, facilities, privileges, advantages, or accommodations" similar to persons without disabilities.

9.9 This has caused Plaintiff substantial injury, damage and loss, including, but not limited to: mental anguish; severe emotional distress; injury to reputation; past and future economic loss; deprivations of due process; loss of educational opportunities; and loss of future career prospects.

10. COUNT V – BREACH OF CONTRACT

10.1 The above paragraphs are repeated and re-alleged.

10.2 At all relevant times, Plaintiff and Alaska Pacific were in a contractual relationship.

10.3 Alaska Pacific was required to act in accordance with that contract, which included relevant policies and procedures manuals, Title IX, and the Americans with Disabilities Act in investigating and adjudicating sexual misconduct allegations, and in resolving disciplinary decision appeals.

10.4 The promises set forth in Alaska Pacific's policies and procedures manuals were supported by valid consideration.

10.5 Plaintiff fully complied with all of his contractual obligations, including payment of tuition and compliance with enrollment procedures.

10.6 Based upon the foregoing, Alaska Pacific breached its contractual obligations by:

10.6.1 Discriminating against Plaintiff on the basis of his gender;

10.6.2 Failing to provide adequate policies and procedures for investigation and adjudication of alleged sexual misconduct;

10.6.3 Violating Alaska Pacific's policy against gender/sex-based discrimination by establishing a presumption, on the basis of gender stereotypes, that Plaintiff committed sexual misconduct, abusive sexual contact and dating violence;

10.6.4 Conducting a cursory, superficial, biased, and fundamentally unfair investigation, hearing and appeal process;

10.6.5 Failing to provide any sort of hearing for Plaintiff before his expulsion;

10.6.6 Failing to allow Plaintiff to present a defense by denying him a hearing;

10.6.7 Failing to allow Plaintiff to present a defense by denying him access to the investigative report;

10.6.8 Rendering an adverse decision against Plaintiff without evidence to support it;

10.6.9 Issuing an arbitrary and capricious finding;

10.6.10 Imposing a harsh, disproportionate and unreasonable sanction;

10.6.11 Failing to provide Plaintiff with impartial process.

10.7 As a direct, proximate and foreseeable consequence of those breaches, Plaintiff sustained significant damages, including, but not limited to, loss of educational opportunities, loss of career opportunities, loss of earnings, economic injuries and other direct and consequential damages.

11. COUNT VI – BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

11.1 The above paragraphs are repeated and re-alleged.

*Doe v. Alaska Pacific University*
Case No.
Complaint
Page 12 of 15

Case 3:18-cv-00188-HRH   Document 1   Filed 08/15/18   Page 12 of 15

11.2 The contract between Alaska Pacific and Plaintiff imposed upon Alaska Pacific a duty of good faith and fair dealing, including a duty to conduct a diligent, unbiased, and meaningful investigation, adjudication, and appellate review according to Alaska Pacific's policies and procedures.

11.3 Alaska Pacific breached and violated that covenant by failing to conduct a diligent, unbiased, and meaningful investigation, adjudication, and appellate review.

11.4 As a direct, proximate, and foreseeable consequences of those breaches, Plaintiff sustained significant damages including, but not limited to, loss of educational opportunities, loss of career opportunities, loss of earnings, economic injuries and other direct and consequential damages.

12. Count VII – Negligence

12.1 The above paragraphs are repeated and re-alleged.

12.2 Having created a student disciplinary process, Alaska Pacific and its agents owed a duty of care to Plaintiff and others to conduct that process in a non-negligent manner and with due care.

12.3 The conduct of Alaska Pacific and its agents fell below the standard of care and breached the duty of due care and competence.

12.4 These breaches of the duty of care caused Plaintiff, in fact and proximately, to sustain substantial injury, damage, and loss, including, but not limited to: mental anguish; severe emotional distress; injury to reputation; past and future economic loss; deprivations of due process; loss of educational opportunities; and loss of future career prospects.

13. Relief Requested

13.1 Wherefore, Plaintiff prays for judgment against defendant asks this court to:

13.2 Issue a judgment:

13.2.1 Declaring the investigation, prosecution, and adjudication of the charge against Plaintiff to be contrary to Alaska Pacific's contractual and other obligations, its own rules and contrary to law;

13.2.2 Declares Alaska Pacific student disciplinary process, including the sexual misconduct policies and procedures, as written, implemented, and as applied to Plaintiff to be in violation of Title IX, including its due process requirements;

13.2.3 Requires Alaska Pacific to expunge Plaintiff's entire disciplinary proceeding from its records;

13.2.4 Declares Alaska Pacific's conduct to be wrongful, willful, intentional, and reckless;

13.2.5 Prohibits Alaska Pacific from referencing Plaintiff's disciplinary proceeding in the event of any third-party inquiry;

13.2.6 Authorizes Plaintiff to receive credit for all satisfactorily-completed coursework while attending Alaska Pacific, including transfer of such credits to another institution if requested; and

13.2.7 Declares that upon third-party inquiry, Plaintiff may reply in the negative to any question regarding whether he has been accused of sexual misconduct or any other similar question.

13.2 Award plaintiff compensatory damages in an amount to be determined at trial, but not less than $25,000.00 for lost tuition, room, board, and other expenses paid to Alaska Pacific as well as damages not less than $750,000.00 for mental anguish, severe emotional distress, serious mental injury, injury to reputation, past and future economic loss, deprivations of due process, loss of educational opportunities, loss of future career prospects, and other injuries proximately caused by the wrongful conduct of defendant;

13.4 Award plaintiff his attorney's fees, disbursements, and costs pursuant to the provisions of 42 U.S.C. §1988(b)(relating to Title IX); or pursuant to any other statute or common law doctrine providing for the award of attorney's fees, disbursements, and/or costs;

13.5 Award prejudgment interest; and

13.6 Grant such other and further relief as the court may deem just and proper.

14. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all claims so triable.

DATED this 14th day of August, 2018, at Anchorage, Alaska.

                              Steven M. Wells, PC
                              Attorneys for Defendant

              By:    __/s/ Steven M. Wells _____ .
                              Steven M. Wells
                              ABA #0010066